**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

MICHAEL EINFELDT                                                                                PLAINTIFF
REG #06087-029

V.                                       NO: 2:14CV00062 KGB/HDY

C.V. RIVERA *et al*.                                                                           DEFENDANTS


**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

1

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Michael Einfeldt filed this *pro se* complaint on May 6, 2014, alleging interference with his mail and denial of access to the courts. On September 23, 2014, Defendants filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #37-#39). Plaintiff filed a response on October 14, 2014 (docket entry #41).

### **I. Standard of review**

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a

showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th. Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

According to Plaintiff, he was prevented from sending or receiving mail, and his legal material was lost or destroyed, after he was sent to the special housing unit ("SHU") while he was incarcerated at the Federal Correctional Institution in Forrest City ("FCIFC"). Plaintiff was sent to the SHU after homemade intoxicants were found in his cell. Inmates at the SHU are not allowed access to the prison's electronic mail system. Defendants assert that they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies before he filed his lawsuit.

The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). However, lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam).

In support of their contention that Plaintiff failed to exhaust his administrative remedies, Defendants first note that Plaintiff conceded in his complaint that he failed to exhaust his administrative remedies. Indeed, Plaintiff wrote in his complaint that he had filed and completed

3

three of the four steps in the procedure, and argued that Court intervention was immediately necessary to allow him to complete the exhaustion requirement without further injury (docket entry #2, page #2).  Defendants have also provided the declaration of Michelle Parnell, an associate warden's secretary at FCIFC whose job duties include preparing administrative remedy responses (docket entry #38-1).  According to Parnell, Plaintiff failed to exhaust any administrative remedy relating to the issues in this lawsuit before he filed it.  Plaintiff has provided nothing in response to demonstrate that he did exhaust his administrative remedies before he filed this suit.  Rather, Plaintiff's response asserts that his electronic messages would be purged from the system if they were not retrieved within 60 days, and he appears to argue that the possible destruction of his correspondence required him to seek Court intervention before he completed the administrative remedy process.  Plaintiff has provided no legal authority to support such an exemption to the PLRA's exhaustion requirement.  Furthermore, Plaintiff has not provided any evidence that destruction of his electronic messages, or any loss of legal materials during his stay at the SHU, has resulted in him being denied access to the Courts.  No material facts are in dispute, and Defendants are entitled to summary judgment.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (docket entry #37) be GRANTED, and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __24__ day of October, 2014.

_____
UNITED STATES MAGISTRATE JUDGE